IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Ralph Praylow, Jr., ) | |
| ) | Civil Action No. 9:15-3557-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, Ralph Praylow, Jr. ("Praylow"), brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB") under the Social Security Act ("SSA").[1] This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C. (ECF No. 17).[2] In his Report, the magistrate judge recommends that the Commissioner's decision be affirmed. Plaintiff filed objections (ECF No. 19), and the Commissioner filed a reply (ECF No. 21). This matter is now ripe for review.

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 27, 2017. Pursuant to Fed.R.Civ.P.25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## I. Background

Praylow filed an application for DIB on November 21, 2013, alleging that he became unable to work on September 12, 2013, due to a spinal cord injury, traumatic brain injury ("TBI"), migraine headaches, right frontal lobe atrophy, and diabetes. His application was denied initially and on reconsideration by the Social Security Administration. He requested a review by an administrative law judge ("ALJ"), and an ALJ conducted a hearing on December 11, 2014.

On April 30, 2015, the ALJ issued a decision, finding that Praylow was not disabled as defined in the SSA from September 12, 2013, through the date of the decision. (ECF No. 6-2 at 6-26). The ALJ found that Praylow suffered from a combination of severe impairments of post-traumatic stress disorder ("PTSD"), anxiety, depression, organic mental disorder, disorders of the spine, right upper extremity neuropathy, and headaches. The ALJ specifically found that Praylow's knee and shoulder impairments, diabetes, plantar fasciitis, sleep apnea, tenia veriscolor, obesity, and attention deficit disorder ("ADD") were not severe impairments. (ECF No. 6-2 at 13-14). The ALJ went on to find that Praylow's impairments did not meet or medically equal the criteria for any of the listed impairments. Accordingly, the ALJ proceeded to assess Praylow's residual functional capacity ("RFC"), finding that Praylow could perform a significant range of light work with limitations. The ALJ concluded that Praylow could not perform his past relevant work, but that he could perform other jobs in existence in the national economy in significant numbers and, therefore, denied his claim.

Praylow sought review by the Appeals Council and he submitted additional evidence. On August 5, 2015, after considering the additional information, the Appeals Council declined to review the ALJ's decision. Praylow then filed this action for judicial review on September 4,

2015. (ECF No. 1). The magistrate judge filed his Report on September 7, 2016. (ECF No. 17). On September 26, 2016, Praylow filed objections to the Report (ECF No. 19), and on October 12, 2016, the Commissioner filed a reply to those objections (ECF No. 21).

## II.  Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## III.  Analysis

In his objections, Praylow contends that the magistrate judge erred by finding the ALJ: 1) properly evaluated Praylow's physical and mental severe and non-severe impairments in

3

combination; 2) gave the proper weight to the opinions of the treating physicians, specifically those from the Department of Veterans Affairs ("VA"); and 3) properly identified jobs Praylow could perform with the limitations found by the ALJ. At the outset, the court notes that Praylow's arguments in support of his this objection are essentially the same arguments that the magistrate judge considered and rejected. However, the court addresses each in turn below.

### 1) Combination of Impairments

The ALJ found Praylow had the severe impairments of PTSD, anxiety, depression, organic mental disorder, disorders of the spine, right upper extremity neuropathy, and headaches and the non-severe impairments of knee impairments, degenerative changes in the shoulder, diabetes mellitus, plantar fasciitis, sleep apnea, tinea versicolor, and obesity. Praylow contends that the ALJ erred by failing to evaluate the combined effect of his severe and non-severe impairments.

The magistrate judge noted that Praylow did not identify what Listing he believed his impairments in combination meet or equal. (Report at 12). The magistrate judge also found that the ALJ adequately considered Praylow's impairments in combination. (Report at 13-16).

In his objections, Praylow states that he is not claiming his impairments meet a specific listing, and is not required to identify a specific listing. (Objections at 2, 3).[3] Rather, he now appears to only argue that his impairments in combination render him disabled. *Id.* Accordingly, the court will not address Praylow's impairments and whether they in combination meet a listing. The court instead will address whether the ALJ erred in considering Praylow's impairments in combination throughout his decision.

---

[3]In his brief, however, Praylow specifically argued that his "physical and mental medical history proves that little question exists as to whether the combination of Plaintiff's severe and non-severe impairments equate to the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."

4

When a claimant has more than one impairment, the statutory and regulatory scheme for making disability determinations, as interpreted by the Fourth Circuit, requires that the ALJ consider the combined effect of these impairments in determining the claimant's disability status. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). The combined effect of the individual's impairments should be considered at each stage of the disability determination process. *Id.* "As a corollary, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Id.*

"Courts in this district have found the ALJ's discussion and analysis adequate where a reading of the decision as a whole makes clear that the ALJ considered the combination of impairments." *Bell v. Colvin*, C/A No. 4:11-cv-2114-TER, 2013 WL 1282063, *5 (D.S.C. March 25, 2013). *See Brown v. Astrue*, C/A No. 10-cv-1584-RBH-PJG, 2012 WL 3716792, *6 (D.S.C. Aug. 28, 2012) (when considering whether ALJ properly considered combined effects of impairments, the decision must be read as a whole) (*citing Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *3 (4th Cir. 1995)).

Here, the ALJ's analysis reflects sufficient consideration of the combined effects of Praylow's impairments. *See, e.g., Allen v. Colvin*, C/A No. 4:12-cv-03540-DCN-TER, 2014 WL 1159039, *3 (D.S.C. March 20, 2014) (holding that ALJ's overall discussion was sufficient to show that he considered the claimant's impairments in combination). Furthermore, Praylow has not offered how his combined impairments may have changed the outcome of this case or identified any additional restrictions that would flow from his combined impairments. For these reasons, the court finds the ALJ's listing analysis sufficiently addressed Plaintiff's combined impairments and is supported by substantial evidence. *See Brown v. Astrue*, C/A No. 0:10-1584-RBH, 2012 WL 3716792, at *6 (D.S.C. Aug. 28, 2012) (finding that Fourth Circuit precedent

issued after *Walker* suggested that *Walker* was not meant to be used as a trap for the Commissioner).

The court notes that Praylow attached evidence to his brief which he argues supports his argument that he has a severe cervical spine impairment. (ECF No. 11-1). These medical records are not part of the administrative record that the district court can consider in deciding whether to uphold, modify, or reverse the final decision of the *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir.1996). A person seeking to present evidence to the court not put before the ALJ or Appeals Council must show that the evidence is new and material, as well as show good cause for the failure to incorporate the evidence at the prior proceeding. *See* 42 U.S.C. § 405(g); *Wilkins v. Sec., Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991).[4]

**2) VA opinions**

Praylow argues that the ALJ failed to give sufficient weight to the medical opinions of the VA. Specifically, he argues that the ALJ erred by failing to discuss all of the findings of Dr. Wadman and by giving her opinion less weight than the opinions of physicians who evaluated Praylow on only one occasion. Praylow contends that pursuant to *Bird v. Comm'r of Social Sec. Admin.*, 699 F.3d 337 (4th Cir. 2012), the ALJ is required to give substantial weight to the opinions of his treating VA physicians unless the medical record clearly demonstrates that a deviation is permitted. (Objections at 5). However, the holding in *Bird* applies to a VA disability rating decision and not to VA physician's opinions.

As to the opinions of the VA physicians, ALJs must consider all medical opinions in the record. 20 C.F.R. § 404.1527(b). Medical opinions are "statements from physicians and

---

[4] Moreover, the ALJ considered other evidence in the record regarding Praylow's cervical spine condition. The ALJ noted that a May 2013 cervical spine MRI revealed "no evidence of significant central canal or neural foraminal narrowing," and April 2014 cervical spine MRI showed no stenosis and was unremarkable other than noting. Praylow's history of fusion. (R. 16, 585, 1634).

6

psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." SSR 96-5p, quoting 20 C.F.R. § 404.1527(a).

The SSA's regulations require that ALJs accord controlling weight to treating physicians' opinions that are well-supported by medically-acceptable clinical and laboratory diagnostic techniques and that are not inconsistent with the other substantial evidence of record. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p. If an ALJ declines to accord controlling weight to a treating physician's opinion or if the record contains no opinion from a treating physician, the ALJ must consider all the medical opinions of record in view of the factors in 20 C.F.R. § 404.1527(c). *Id.* Those factors include (1) the examining relationship between the claimant and the medical provider; (2) the treatment relationship between the claimant and the medical provider, including the length of the treatment relationship and frequency of treatment and the nature and extent of the treatment relationship; (3) the supportability of the medical provider's opinion in his treatment records; (4) the consistency of the medical opinion with other evidence in the record; and (5) the specialization of the medical provider offering the opinion. *Johnson*, 434 F.3d at 654; 20 C.F.R. § 404.1527(c).

It is not the role of this court to disturb the ALJ's determination as to the weight to be assigned to a medical source opinion "absent some indication that the ALJ has dredged up 'specious inconsistencies,' *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992), or has not given good reason for the weight afforded a particular opinion." *Craft v. Apfel*, 164 F.3d 624 (unpublished), 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam).

Praylow specifically alleges the ALJ did not adequately consider Dr. Wadman's opinions. The ALJ gave Dr. Wadman's opinions some weight. (ECF No. 6-2 at 23). As the magistrate judge notes in her Report, the ALJ discounted Dr. Wadman's reports that Plaintiff had marked fatigue due to his head injury because it was inconsistent with Dr. Wadman's own reports and there was no explanation how a head injury would result in fatigue. (Report at 16-17). And the ALJ also discounted Dr. Wadman's opinion that Plaintiff had frequent interference in his interaction due to neurobehavioral issues because these opinions were also inconsistent with her reports that Plaintiff acted appropriately. *Id.* at 18. The court agrees with the magistrate judge's analysis and conclusion and finds that substantial evidence supports the ALJ's decision to give Dr. Wadman's opinions only some weight.

Moreover, this is not a case where the ALJ failed to mention or to explain the consideration given to the VA's disability decision. *See, e.g., Allen v. Colvin*, C/A No. 2:12-CV-29-FL, 2013 WL 3983984 (Aug. 1, 2013) (remand required where Commissioner did not indicate weight given to Medicaid determination). Rather, the ALJ carefully considered the VA rating decision and found that lesser weight should be accorded the VA disability ratings in Praylow's case because the ratings are based simply upon Praylow's diagnosis of and treatment for certain impairments and do not take into consideration any functional limitations (or lack thereof) caused by Praylow's impairments.

### 3) Jobs recommended by VE

When relying on VE testimony based on hypothetical questions, the hypotheticals posed must account for all of the claimant's limitations as shown by the record. *Walker v. Bowen*, 889 F.2d 47, 50–51 (4th Cir.1989). If limitations are omitted, the VE's testimony is of limited value,

and may not constitute substantial evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir.2005) (citing *Walker,* 889 F.2d at 50).

Here, the ALJ was justified in relying on the VE's testimony. *See Pierpaoli v. Astrue*, C/A No. 4:10-cv-2401, 2012 WL 265023, at *4 (D.S.C. Jan. 30, 2012) ("Even assuming there was a conflict between the VE and the DOT, the ALJ may rely on the VE's professional experience to resolve a conflict."). Moreover, Praylow had ample opportunity to question the VE's qualifications at the hearing and failed to do so. *See Davis v. Colvin*, C/A No. 8:11-cv-3091, 2013 WL 709022, at *6 (D.S.C. Feb. 26, 2013) (finding that an objection to the R & R under SSR 00–4p was improper where there was a lack of "subsequent inquiry by plaintiff or her attorney at the hearing" on an issue arising under this regulation); *Becker v. Astrue*, 2011 WL 5979786 at *4 (W.D.Va. Nov. 29, 2011) (finding the plaintiff was precluded from raising an alleged discrepancy between VE testimony and the D.O.T. where counsel did not note or otherwise raise it during the hearing); *Mosteller v. Astrue*, 2010 WL 5317335, at *4–5 (W.D.N.C. July 26, 2010) (noting that claimant's argument under SSR 00–4p may be waived by failure to raise issue at the ALJ hearing).

The hypothetical question posed to the VE properly represented Praylow's abilities and limitations as set out in the RFC. Furthermore, there is substantial evidence to support the ALJ's RFC determination. While Praylow may disagree with the RFC determination of the ALJ, the court concludes that the hypothetical given by the ALJ to the VE was proper and accurately reflected the RFC. Accordingly, this objection is without merit.

## IV. Conclusion

Having reviewed the record in light of these objections, and under the appropriate standards, the court concurs with both the reasoning and the result reached by the magistrate

judge in his Report.  The ALJ's decision is supported by substantial evidence.  Therefore, the court adopts the Report (ECF No. 19), and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

February 21, 2017
Anderson, South Carolina